**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| CATHLEEN COLVIN, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>SYRIAN ARAB REPUBLIC,<br><br>Defendant. | ) | Civil Action No. 16-1423 (ABJ) |

**ORDER**

This case is before the Court on Plaintiffs' Motion for Clarification and Motion to Direct Post-Judgment Mediation [Dkt. # 73] ("Pls.' Mots."). For the following reasons, plaintiffs' motion for clarification will be **GRANTED,** and plaintiffs' motion to direct post-judgment mediation will be **DENIED WITHOUT PREJUDICE**.

On December 12, 2019, the Court entered default judgment against defendant, the Syrian Arab Republic, and on February 8, 2018, it issued a final judgment awarding the plaintiffs compensatory and punitive damages arising out of the extrajudicial killing of the American journalist, Marie Colvin. Order (Feb. 8, 2019) [Dkt. # 61]. Since then, defendant has failed to satisfy the judgement. Pls.' Mots. at 2; Decl. of Scott A. Gilmore [Dkt. # 74] ("Gilmore Decl.") ¶ 14.

In light of the change in government in Syria in late 2024 and early 2025, on May 18, 2025, plaintiffs filed the instant motion asking the Court to confirm that the Syrian Arab Republic remains bound by this Court's judgment. Pls.' Mots. at 5; Gilmore Decl. ¶¶ 6, 14. According to plaintiffs' counsel, the transitional government has taken the position that it is not bound by a

judgment issued against the previous government, and plaintiffs sought clarification in the hopes of initiating productive conversations with the new authorities to resolve the matter. Pls.' Mots. at 2.

The Court ordered plaintiffs to inform defendant of the pendency of their motion to clarify and the date the defendant's response was due. *See* Min. Order (May 27, 2026). Plaintiffs notified the Court that they had complied. Pls.' Notice of Compliance [Dkt. # 75] at 1. Defendant failed to respond to the motion by the July 30, 2026 deadline. *See* Pls'. Notice of Def's. Failure to Respond [Dkt. # 77].

It is hereby **ORDERED** that plaintiffs' motion for clarification is **GRANTED** insofar as it seeks confirmation of the binding nature of the judgment. The final judgment issued by this Court on February 8, 2019 remains binding on the Syrian Arab Republic, despite any change in the form or leadership of the government in Syria. *See Bd. of Cnty. Comm'rs v. Lewis*, 133 U.S. 198, 205 (1890) ("The only change has been in the continuity of political organization, and that, neither by municipal law nor the law of nations, destroys the territorial responsibility for legal obligations. Even a change in form does not destroy responsibility."); *Republic of Iraq v. ABB AG*, 768 F.3d 145, 163–64 (2d Cir. 2014) ("[T]he obligations of a foreign state are unimpaired by a change in that state's government."); *Venezuela US SRL v. Bolivarian Republic of Venezuela*, 789 F. Supp. 3d 1, 13 (D.D.C. 2025) (same).

Because this judgment runs against the Syrian Arab Republic, "not any particular government thereof," the Syrian Arab Republic remains obligated by the final judgment and the mandatory post-judgment interest required by 28 U.S.C. § 1961(a). *See Venezuela US SRL*, 789 F. Supp. 3d at 13.

It is **FURTHER ORDERED** that the portion of the motion requesting that defendant be ordered to participate in mediation at this time is **DENIED WITHOUT PREJUDICE.**

**SO ORDERED.**

AMY BERMAN JACKSON
United States District Judge

DATE: September 1, 2026